IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH GLENN BEATY,<br>ID # 02137048,<br>    Petitioner, | )<br>)<br>)<br>) |
| vs. | )    No. 3:20-CV-310-E-BH |
| | ) |
| DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>    Respondent. | )<br>)<br>)    Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on January 14, 2020 (doc. 1), should be **DENIED** with prejudice. Any request for a stay and abeyance in the *Supplement Brief*, received on July 12, 2021 (doc. 24), of a claim in the petitioner's second ground for relief should be **DENIED**.

### I.    BACKGROUND

Joseph Glenn Beaty (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2017 conviction and life sentence. (*See* doc. 1 at 2.) The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

**A.    State Court Proceedings**

In September 2015, Petitioner was indicted for aggravated sexual assault with a deadly weapon in Case No. F15-76098-T in the 283rd Judicial District Court of Dallas County, Texas. (*See* doc. 19-18 at 4.) The indictment included an enhancement paragraph for a prior felony

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

conviction from 1997 for aggravated assault with a deadly weapon. (*See id.*)  Petitioner pled not guilty to the charged offense and not true to the enhancement paragraph and proceeded to a jury trial on February 27, 2017, after rejecting a plea agreement. (*See id.* at 5, 8.)  On March 3, 2017, a jury found him guilty, found that the enhancement paragraph was true, and sentenced him to life imprisonment in the TDCJ-CID. (*See id.* at 14, 21-24.)  On direct appeal, the judgment was modified to reflect that Petitioner pled not true to the indictment's enhancement paragraph and that there were findings of true to the enhancement paragraph and of a deadly weapon; as modified, the judgment was affirmed. (*See id.* at 27-28); *Beaty v. State*, No. 05-17-00287-CR, 2018 WL 3991283, at *13 (Tex. App.—Dallas Aug. 21, 2018, pet. ref'd ).

The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review (PDR). (*See* doc. 18-16); *Beaty v. State*, No. PD-0984-18 (Tex. Crim. App. Jan. 30, 2019).  His state habeas application, received by the trial court on May 10, 2019, was denied without written order by the Texas Court of Criminal Appeals on August 7, 2019. (*See* doc. 19-12; doc. 19-18 at 32-50).  His two motions for reconsideration were denied on August 29, 2019, and dismissed on October 7, 2019, respectively. *See Ex parte Beaty*, No. WR-38,176-02 (Tex. Crim. App. Oct. 7, 2019).

**B.** **Substantive Claims**

The § 2254 petition asserts the following grounds for relief:

(1) Due Process Violation;

(2) Innefective [sic] Assistance of Counsel;

(3) Probable Cause;

(4) Guilty beyond a reasonable doubt;

(5) Suppression of DNA Evidence; and

2

  (6) Extraneous Witnesses.

(doc. 1 at 6-8.)  Respondent filed a response on May 20, 2020.  (*See* doc. 20.)  Petitioner filed a reply on June 19, 2020, and a supplemental brief on July 12, 2021.  (*See* docs. 22, 24.)

## II. APPLICABLE LAW

  Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Because Petitioner filed his petition after its effective date, the Act applies.

  Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.  Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

  Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams*

*v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than

4

the merits). Where the decision is a summary denial or affirmance, however, a "federal [habeas] court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III. STATE HABEAS PROCEEDINGS

In his first ground, Petitioner contends that his due process and constitutional rights were violated during the state habeas proceedings. (*See* doc. 1 at 6.) He alleges that on "July 1, 2019, the 283rd District Court Judge, in considering [Petitioner's] 11.07 [state habeas application], expressed that each of the five issues raised, required a resolution and requested a finding of fact and conclusion of law for the court. [Petitioner] never received this[.]" (*Id.*; *see also* doc. 16 at 3-4; doc. 24 at 2-5; doc. 30.) He also claims that "[t]his issue came up from filing 11.07 with the State." (doc. 1 at 9.)

Petitioner's allegations challenge events from the state habeas proceedings. "An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'" *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *see also Brown v. Dretke*, 419 F.3d

5

365, 378 (5th Cir. 2005) ("alleged infirmities in state habeas proceedings are not grounds for federal habeas relief."). Because he is challenging events from the state habeas proceedings, his claim should be denied.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second ground, Petitioner contends that his trial counsel rendered ineffective assistance. (*See* doc. 1 at 6.) He alleges that "[f]rom lack of pre-trial investigation, to lack of trial performance[,] Counsel was clearly unaware of the details of [Petitioner's] case." (*Id.*)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.[2]

### A. **Uncalled Witnesses**

Petitioner contends that counsel was ineffective because she "failed to obtain expert witnesses[,]" and refused "to call as witness[ ] the original investigator." (doc. 1 at 16-17; doc. 16 at 6, 8.) He argues that counsel "lacked the knowledge and testimony of expert witness for the defense to dispute the lack of physical evidence from The State on 'D.A.', 'S.R.', and 'U.W.'. As well as psycological [sic] expertise on 'B.S.'[.]" (doc. 1 at 16; *see also* doc. 16 at 6.) He alleges that a "DNA expert would have allowed counsel to be effectively prepared to cross examine expert testimonies from The State [ ], and among those defense counsel never questioned or crossed." (*Id.* (citations to the record omitted).) He also alleges that counsel "never used testimony claimed, retained [sic] expert that should have testified to the effects of substance abuse[.]" (doc. 1 at 16; *see also* doc. 16 at 7.) He argues that counsel's choice "to use not one expert witness in defense"

---

[2] In his replies, Petitioner appears to argue that he was constructively denied counsel under *United States v. Cronic*, 466 U.S. 648 (1984), based on his counsel's alleged ineffectiveness. (*See* doc. 22 at 4-5; doc. 24 at 10.) The presumed prejudice standard recognized by *Cronic* is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance." *Cronic*, 466 U.S. at 658-59, 661; *accord Bell v. Cone*, 535 U.S. 685, 695-96 (2002); *Austin v. Davis*, 647 F. App'x 477, 490 (5th Cir. 2016). The *Cronic* standard does not apply when defense counsel has merely failed to oppose the prosecution at specific points of the proceedings; it applies only when counsel has *entirely* failed to challenge the prosecution's case. *See Bell*, 535 U.S. at 696-97. Here, Petitioner's counsel was actively involved in challenging the prosecution's case at all stages of the criminal proceedings. (*See generally* docs. 18-15, 18-19, 18-20, 19-1–19-8.) Petitioner has not satisfied his burden to demonstrate that he was constructively denied counsel such that the *Cronic* standard should apply. *See Childress v. Johnson*, 103 F.3d 1221, 1228 (5th Cir. 1997). Therefore, his ineffective assistance of counsel claims are properly analyzed under the *Strickland* standard.

was "not proper strategy." (*Id.*)

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) ("In order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial."). "This requirement applies to both uncalled lay and expert witnesses." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (citing *Day*, 566 F.3d at 538) (citing in part *Evans v. Cockrell*, 285 F.3d 370, 377-78 (5th Cir. 2002) (rejected uncalled expert witness claim where the petitioner failed to present evidence of what a scientific expert would have stated)).

Here, Petitioner fails to provide any facts or evidence demonstrating that "the original investigator" was available to testify at his trial and would have done so, the content of the proposed testimony, and that any such testimony would have been favorable to a particular defense. Beyond conclusory assertions that counsel should have called expert witnesses, he also fails to identify any expert witnesses, show that they were available to testify at his trial and would have done so, describe the content of any expert testimony, or explain how any such testimony would have been favorable to a particular defense. Petitioner presents no evidence beyond speculation that counsel could have found and presented expert witnesses. *See Woodfox*, 609 F.3d

8

at 808. He has also failed to show a reasonable probability that the outcome of the trial would have been different, even if counsel is presumed deficient for failing to call expert witnesses and "the original investigator" as alleged. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001); *United States v. Cockrell*, 720 F.2d 1423, 1427-28 (5th Cir. 1983). Because Petitioner has not satisfied his burden under *Strickland* to show that counsel was ineffective for failing to call witnesses, he has failed to show that the state habeas court's rejection of this claim was unreasonable. The claim should be denied.

**B.     Investigation**

Petitioner contends that counsel rendered ineffective assistance based on a failure to investigate. (*See* doc. 1 at 16; doc. 16 at 6.) He argues that "[d]ue to trial counsels [sic] lack of investigation, she was unable to investigate or even failed to address witness 'S.R.s' [sic] alleged injuries 'from head to toe', even though her medical evaluation reflects that she had just been involved in an auto accident. . . . Counsel never questioned nor investigated this." (doc. 1 at 16; *see also* doc. 16 at 6.) He also argues that counsel "neglected to question or investigate the alleged injuries of witness 'U.W.'[.]" (*Id.*) He also claims that "[h]ad counsel done proper pre-trial investigations, she would have noticed errors in arrest record," and that "because of counsel's lack of pre-trial investigations and lack of proper, or any trial strategy, counsel should have been aware of issues such as no warrant, unsigned warrants and affidavits, as well as errors and issues in affidavits." (doc. 1 at 17-18; *see also* doc. 16 at 9.)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. To establish ineffective assistance of counsel based on a failure to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the

9

outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005); *see also Gonzalez v. United States*, Civ. A. No. 5:19-CV-145, Crim. A. No. 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) ("[T]here is no presumption of prejudice based on the failure to investigate.") (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Here, beyond conclusory statements and speculation not supported by the record, Petitioner has not identified any evidence of which counsel was not, but should have been, aware through a reasonable investigation of the injuries that witnesses S.R. and U.W. sustained during their respective sexual assaults by Petitioner,[3] or alleged errors in his arrest record.[4] He also has not alleged or shown how the outcome of his trial would have been different absent counsel's alleged failure to investigate. Accordingly, Petitioner has failed to show that counsel's performance was deficient based on a failure to investigate, or any resulting prejudice under *Strickland*. *See Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th

---

[3] Petitioner appears to suggest that the injuries that witness S.R.'s testified she sustained during the sexual assault by Petitioner, and the injuries documented in her sexual assault examination, were the result of a motor vehicle accident. (*See* doc. 1 at 16; doc. 16 at 6.) The record does not support this suggestion, however. It shows that during her sexual assault examination, S.R. reported a "present illness" of back pain due to a motor vehicle accident. (doc. 19-6 at 103; doc. 19-9 at 111.) The record does not show that S.R. "had just been involved" in a motor vehicle accident, as alleged, or that she had any present injuries from that accident other than back pain, and Petitioner does not provide any facts or evidence to show otherwise. (*See* doc. 19-9 at 111.) Regarding witness U.W., Petitioner contends that she "never made contact with authorities until she was arrested a month later. So counsel should have questioned when photos were taken and how were the injuries a month later acquired." (doc. 1 at 16; doc. 16 at 7.) These allegations are refuted by the record. U.W. testified that she called the police when Petitioner told her to get out of the car after he sexually assaulted her, and that Petitioner had not yet left the scene of the assault when police sirens began approaching. (*See* doc. 19-6 at 214.) She further testified that the police arrived quickly at the scene, and that she wiped Petitioner's ejaculate off herself with a napkin and then gave to the police while still at the scene. (*See id.* at 217-18.) The photos of which Petitioner complains were taken by someone with the Arlington Police Department later that same day. (*See id.* at 218-21; doc. 19-9 at 136-39.) Petitioner's speculative and unsubstantiated allegations are without merit and do not show that counsel rendered ineffective assistance by not further investigating or questioning this evidence and testimony.

[4] Petitioner's own § 2254 filings show that counsel was aware of and raised issues relating to the arrest and search warrants, and the related affidavits, in the underlying criminal case and in his related state cases that are not challenged in this action. (*See* doc. 1 at 16-18; doc. 16 at 7-10.) Rather, Petitioner appears to take issue with counsel not raising the issues earlier. (*See id.*) He has not provided any facts or evidence to show that the result of his criminal proceedings would have been different had counsel raised the alleged issues earlier in his criminal proceedings.

10

Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Because he has not shown that counsel was ineffective, he has not shown that the state court's rejection of this claim was unreasonable. The claim should be denied.

C.     **Other Claims**

Petitioner also contends that counsel: (1) "made no attempt to prove or disprove the creditibility [sic] of" the testimony of extraneous offense witnesses; (2) "failed to request ruling on grand jury testimony"; (3) "improperly argued missing warrant issue"; and (4) "brought up probable cause isses [sic], but when given the opportunity to cross examine Magistrate, she chose not to." (doc. 1 at 16; *see also* doc. 16 at 7.)

Aside from conclusory allegations and speculation, Petitioner has failed to present any facts or evidence showing that counsel's performance was deficient as alleged, or a reasonable probability that the result of the proceedings would have been different but for counsel's alleged deficiencies. Because his conclusory and unsubstantiated statements are insufficient to show that counsel rendered ineffective assistance, he has not shown that the state court's rejection of these claims was unreasonable. *See Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042; *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Accordingly, these claims should be denied.[5]

---

[5] In his replies, Petitioner alleges additional instances of ineffective assistance of counsel. (*See* doc. 22 at 4-6; doc. 24 at 7-8.) Even assuming for purposes of this motion only that the additional grounds are not procedurally barred or untimely, Petitioner has not shown that he is entitled to relief on any of them because each one is conclusory either as to both *Strickland* prongs, or as to the prejudice prong. Conclusory allegations are insufficient to warrant habeas relief. *See Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. Accordingly, any additional grounds of ineffective assistance of counsel should be denied.

11

**D.   Cumulative Error**

Petitioner "ask[s] the court to look at the cummalitive [sic] wight [sic] of the errors resulting from counsels [sic] lack of performanceand [sic] remand." (doc. 1 at 18; *see also* doc. 16 at 10.) "[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007) (quoting *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)).

Petitioner has not shown that counsel rendered ineffective assistance as discussed, so he has not shown that there were cumulative errors, or that the state court's rejection of this claim was unreasonable. He is not entitled to § 2254 relief on this claim, and it should be denied.

### V.   PROBABLE CAUSE

In his third and fifth grounds, Petitioner contends that there was "insufficient probable cause to issue search warrant" for his DNA, and that the trial court erred in denying his DNA suppression motion. (doc. 22 at 7; *see also* doc. 1 at 7-8, 15; doc. 16 at 5.) He argues that the "State testified to having 'no evidence' of a crime only testimony of complaining witness that was so innconsistant [sic] that the original investigating officer did not believe it." (doc. 1 at 7.) He claims that there was "[o]mmitted [sic], detailed info. that was purposly [sic] left out for grand jury consideration," and states that the "[r]ecord also reflects unsigned search affidavit." (*Id.*)

It is well-settled that a claim that evidence obtained through an unconstitutional search and seizure was erroneously admitted at trial cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim. *Williams*,

529 U.S. at 375; *Stone v. Powell*, 428 U.S. 465, 482 (1976). If a state has a process that allows an opportunity for full and fair litigation of Fourth Amendment claims, federal habeas review of those claims is barred, even if a defendant did not use the state process to litigate the claims. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006). The State of Texas has a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal. *Register*, 681 F.3d at 628. The Fifth Circuit has also stated that a Fourth Amendment claim has been fully and fairly litigated in state court where the material facts were adequately developed in state court and there is no undeveloped evidence sufficient to call into question the reliability of the state court's determination. *Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir. 1994) (quoting *Streetman v. Lynaugh*, 812 F.2d 950, 958 (5th Cir. 1987)) (internal quotation marks omitted).

Here, Petitioner challenged the search warrant for his DNA and the supporting affidavit at the trial level through a motion to suppress and hearings on same, and as a point of error on direct appeal. (*See* doc. 18-15 at 247-50; doc. 19-3; doc. 19-4 at 4-21, 156-160); *Beaty*, 2018 WL 3991283 at *1, 4-5, 11-13. He also raised those challenges in his PDR and state habeas application. (*See* doc. 18-14 at 9-16; doc. 19-18 at 37-38, 43-44.) He has not alleged any undeveloped facts sufficient to call into question the reliability of the state court's determination.[6] His claims were fully and fairly litigated at the state level, and they are therefore barred from federal habeas

---

[6] As Petitioner's own filings show, the same facts on which he relies to support his claims were raised at the trial, on appeal, in a PDR, and during the state habeas stages of his case. (*Compare, e.g.*, doc. 22 at 7-8, *with*, doc. 18-14 at 9-16; doc. 18-15 at 247-50; doc. 19-3; doc. 19-4 at 4-21, 156-160; doc. 19-18 at 37-38, 43-44.) His conclusory allegation that "[i]mproper construction of a search warrant affidavit is not providing an opportunity for a 'full and fair' hearing that the constitution guarantees" is refuted by the record and does not warrant § 2254 relief. (doc. 22 at 8); *see also Ross*, 694 F.2d at 1011.

review.[7] The claims should be denied.

## VI. SUFFICIENCY OF EVIDENCE

In his fourth ground, Petitioner contends that the evidence was insufficient to establish guilt beyond a reasonable doubt at trial. (*See* doc. 1 at 7; doc. 22 at 8-10.) He argues that "minus DNA evidence and extraneous testimonies, that courts usually don't allow, the state testified to having no evidence. The trial Judge questioned the possibilitiey [sic] of having a weapon in hand and choking with both hands[.]" (doc. 1 at 7.) Respondent contends that this claim is unexhausted and procedurally barred. (*See* doc. 20 at 11-14.)

### A. Procedural Bar

Under Texas law, it has long been held that challenges to the sufficiency of the evidence of a conviction must be raised on direct appeal. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding evidentiary sufficiency claims not cognizable in post-conviction, collateral attack); *West v. Johnson*, 92 F.3d 1385, 1389 at n.18 (5th Cir. 1996) ("[The Texas Court of Criminal Appeals], as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised in state habeas.") Petitioner did not raise this claim on direct appeal. He arguably raised the issue in his PDR and in his state habeas application; the Texas Court of Criminal Appeals refused the PDR and denied the state habeas application without written order. (*See* doc. 18-14 at 17; doc. 19-18 at 45-46.) When the Texas Court of Criminal Appeals denies a state habeas application without written order, it implicitly denies sufficiency claims on the procedural basis that such claims are not cognizable on state habeas

---

[7] In his supplemental reply, Petitioner states that "although Claim Three was in fact presented as a freestanding claim," it is not procedurally barred because "it is in fact related and entailed with his Claim Two, Ineffective Assistance of Counsel claim[.]" (doc. 24 at 11.) To the extent this allegation may be liberally construed to as a separate claim that counsel rendered ineffective assistance by not challenging the sufficiency of the evidence of guilt, and assuming for purposes of this motion only that the claim is not otherwise barred and that counsel rendered deficient performance as alleged, Petitioner has failed to provide facts or evidence showing *Strickland* prejudice. The claim is therefore without merit and should be denied.

14

review. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).

Petitioner has procedurally defaulted any claim of insufficiency of the evidence under Texas law. This default constitutes an adequate and independent state procedural ground to bar federal habeas review of the claim. *See Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011) (citing *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004); *Ex parte Grigsby*, 137 S.W.3d at 674). The claim is therefore procedurally barred unless Petitioner shows cause and prejudice or a fundamental miscarriage of justice, i.e., actual innocence. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000). He has not shown cause and prejudice, and he has not shown a fundamental miscarriage of justice, and his claim should be denied on this basis.[8]

**B.     Merits**

Petitioner also has not shown that this claim has merit. Federal courts conduct an extremely limited review of habeas claims based on the sufficiency of the evidence using the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight

---

[8] In his supplemental reply, Petitioner argues an exception to his procedural default applies to this claim because "his Legally [sic] Insufficiency of the Evidence claim was not objected to after Jury Trial nor on his direct review due to trial counsel and appellate counsel ineffectiveness[.]" (doc. 24 at 15-16 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013).) He does not otherwise explain or provide evidence to support this ground of ineffective assistance of counsel in his § 2254 filings. Because Petitioner's conclusory allegation is insufficient to show ineffective assistance of trial or appellate counsel, he has not shown an applicable exception to his procedural default of this claim. *See Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042.

15

and credibility of the evidence is within the sole province" of the trier of fact. *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence" by the trier of fact. *United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999).

Here, the complaining victim, D.A., testified that she was sexually assaulted, and that her assailant had a knife and choked her to unconsciousness. (*See* doc. 19-5 at 182-87, 203-04.) D.A. testified that the police were called, she went to the hospital where a sexual assault examination was performed, and DNA evidence left by the assailant was collected. (*See id.* at 195-97; 206-07.) The doctor who performed D.A.'s sexual assault examination testified about the examination and collection of DNA evidence, and a forensic DNA analyst testified that Petitioner's DNA matched the DNA evidence collected from D.A.'s sexual assault examination. (*See id.* at 224-34; doc. 19-7 at 128, 131-38.) Petitioner has not presented any evidence to the contrary. To the extent he supports his claim by challenging D.A.'s credibility and the credibility of other witnesses at trial, the jury was the fact-finder, and it was within its sole province to assess the credibility of the witnesses and resolve any conflicts in the evidence. *See United States v. Green,* 180 F.3d 216, 220 (5th Cir. 1999) ("[i]t is the sole province of the jury, and not within the power of this Court, to weigh conflicting evidence and evaluate the credibility of witnesses" (internal quotation marks and citation omitted)).

Giving due deference to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," the evidence presented at Petitioner's trial was enough to support his conviction for aggravated sexual assault and the deadly weapon finding element of his conviction. *Jackson,*

443 U.S. at 319. Because his claim is without merit, it should also be denied on this basis.

## VII. EXTRANEOUS OFFENSES

In his sixth ground, Petitioner complains about the testimony of "[e]xtraneous witnesses" at trial. (doc. 1 at 8.) He contends that "[t]he state was allowed to use the testimonies of extraneous witnesses that were not distinctly similar to case on trial." (*Id.*) He alleges: "The state spent less than an hour on complaining witness, then the next several days on testimonies that had nothing to do with trial defendant was being tried. Mental health issues should have barred one testimony. The state used this strategy to sway the jury[.]" (*Id.*)

Evidentiary issues are matters of state law that are not subject to examination by the federal courts. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Charles v. Thaler,* 629 F.3d 494, 500 (5th Cir. 2011); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). A federal court may grant habeas relief on an evidentiary issue only if it violated a specific federal constitutional right or rendered the trial fundamentally unfair. *See Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997). In Texas, "[t]he jury is entitled to know all relevant surrounding facts and circumstances of the charged offense." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). Extraneous offense evidence is admissible to prove "motive, opportunity, intent, preparation, plan knowledge, identify, or absence of mistake or accident." Tex. R. Evid. 404(b).

Because the state intermediate appellate court's decision was the last to provide a rationale for denying Petitioner's claim, the Court "looks through" the Texas Court of Criminal Appeals' unexplained denial without written order to that decision and assumes the Texas Court of Criminal Appeals adopted the same reasoning. *Wilson*, 138 S. Ct. at 1192. On direct appeal, Petitioner contended "that the trial court erred by allowing testimony about sexual assaults [Petitioner] committed on other women." *Beaty*, 2018 WL 3991283, at *6. The state intermediate appellate

court rejected the argument, concluding that "[o]n this record, the trial court did not abuse its discretion in determining that the extraneous offense evidence was admissible because it rebutted a defensive issue raised by [Petitioner] and/or constituted evidence of a particular modus operandi." *Id.* at *8 (citations omitted).  After weighing the factors for admissibility of extraneous evidence under Texas Rule of Evidence 403, it further held that the "the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice." *Id.* at *8-9.

Although Petitioner disagrees with the state intermediate appellate court's analysis and findings, he has not shown that the extraneous offense evidence and testimony violated state law, violated a constitutional right, or rendered his trial fundamentally unfair.  He therefore has not shown that the state court's rejection of this claim was unreasonable, and the claim should be denied.

## VIII.  ACTUAL INNOCENCE

In his reply, Petitioner appears to allege a claim of actual innocence, contending that he "is innocent of the charge of aggrevated [sic] sexual assault, and wrongfully convicted. . . ." (doc. 22 at 2; *see also id.* at 3, 8.)

Both the Supreme Court and the Fifth Circuit have held that a stand-alone claim of actual innocence is not a ground for federal habeas relief.  *See Herrera v. Collins,* 506 U.S. 390, 400-01 (1993); *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.") (quoting *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000)).  Even if a "truly persuasive" showing of actual innocence would warrant federal habeas relief, the threshold would be "extraordinarily high." *Herrera*, 506 U.S. at 417.

18

Petitioner has not met this high burden. A claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). His allegations implicate mere legal insufficiency, and aside from making conclusory assertions and citing testimony and evidence available at trial, he has failed to provide any newly discovered facts or evidence to show that he is factually innocent. He is not entitled to relief based on alleged actual innocence, and his claim should be denied.

## IX. STAY AND ABEYANCE

In a single paragraph in his supplemental reply, Petitioner requests "a stay-in-abeyance [sic] . . . in regards to failing to secure expert witness to rebut the prosecution's six expert witnesses" in connection with the claim in his second ground for relief that trial counsel was ineffective for failing to call expert witnesses at trial. (doc. 24 at 8-9.) To the extent he seeks to secure expert affidavits to support his claim, as noted above, he has not named any expert witness, shown that they were available to testify at trial and would have done so, set out their proposed testimony, or shown that the testimony would have been favorable to a particular defense. *See Day*, 566 F.3d at 538; *Alexander*, 775 F.2d at 602. Notably, Petitioner filed his supplemental reply over one year after he filed his initial reply to Respondent's response, yet still failed to provide any facts or evidence to support his ground. (*See* docs. 22, 24.) To date, he has made no effort to provide any additional facts, evidence or affidavits relating to this claim.

To the extent he seeks a stay and abeyance as to his claim of ineffective assistance of counsel based on a failure to call expert witnesses, his request should be denied.

## X. EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing on his claims. (*See* doc. 1 at 1, 7; doc. 16 at 3;

19

doc. 22 at 2, 14; doc. 24 at 1, 5, 18-19.) Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## XI. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on January 14, 2020 (doc. 1), should be **DENIED** with prejudice. To the extent the *Supplement Brief*, received on July 12, 2021 (doc. 24), requests a stay and abeyance of a claim in the petitioner's second ground for relief, the request should be **DENIED**.

**SIGNED this 10th day of January, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE