IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH GLENN BEATY,<br>    ID # 2137048,<br>        Petitioner,<br>vs.<br><br>BRYAN COLLIER,<br>        Respondent. | )<br>)<br>)<br>) No. 3:20-CV-0310-E-BH<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's *Motion to Alter or Amend Judgment*, received on March 2, 2023 (doc. 35), should be **DENIED**.

**I. BACKGROUND**

Joseph Glenn Beaty (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2017 conviction for aggravated sexual assault with a deadly weapon, as enhanced, and life sentence. (*See* doc. 1 at 2; doc. 19-18 at 14, 21-24.)) On January 10, 2023, it was recommended that the § 2254 petition be denied with prejudice. (*See* doc. 31.) Petitioner's objections to the recommendation were received on January 31, 2023, it was accepted, and judgment was entered denying the § 2254 petition with prejudice, on that date. (*See* docs. 32-341.) Petitioner now seeks to alter or amend the judgment. (*See* doc. 35.)

**II. NATURE OF FILING**

According to the filing, it was signed and placed in the prison mail on February 24, 2022, so it was filed within 28 days of the date of judgment. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in

---

[1] By *Special Order No. 3-251*, this habeas case has been referred for findings, conclusions and recommendation.

the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because Petitioner's motion was filed within 28 days of the entry of judgment, it is properly construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

In the habeas context, a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303-04 & n. 10. Until recently, the Fifth Circuit applied *Gonzalez* to motions under both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020). As it noted, however, the Supreme Court recently held that Rule 59(e) motions do not constitute successive habeas petitions, and *Gonzalez* does not apply to them. *Id.* (citing *Banister v. Davis*, 140 S. Ct. 1698, 1705-11 (2020)).

### III.  FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts

2

have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner appears to allege that the district judge failed to conduct a *de novo* review of the recommendation for dismissal because she issued a two-page order accepting it "without any on the record of the facts and legal conclusions to be drawn therefrom." (*See* doc. 35 at 3.) The order accepting the recommendation states that the district judge reviewed all relevant matters of record, including the objections to it, and it expressly adopted the reasoning contained in the recommendation. (*See* doc. 33.) Petitioner does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. Because he has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

## IV.  RECOMMENDATION

The motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) should be **DENIED**.

**SIGNED this 3rd day of March, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE